**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROGER WALLACE HENDERSON,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **A-20-CV-317-LY** |
| | § | |
| **B. REITMEYER, et al.** | § | |
| **DEFENDANTS.** | § | |

## ORDER

Before the Court are Plaintiff Roger Wallace Henderson's amended civil-rights complaint and Defendants' Motions for Summary Judgment. After consideration of Plaintiff's amended complaint and the Motions for Summary Judgment, the Court grants the Motions for Summary Judgment.

## BACKGROUND

At the time he filed his original and amended complaints, Plaintiff was in the custody of the Bastrop County Sheriff's Office. He subsequently bonded out of jail but was reincarcerated. Plaintiff alleges he was falsely arrested for making a false alarm or report, and to cover up the false arrest, drugs were planted on him at the Bastrop County Jail. Plaintiff sues each defendant for $1,000,000.

Public criminal case records for Bastrop County show Plaintiff was charged with making a false alarm or report in Cause No. 57,536. That charge was dismissed on December 1, 2020. Plaintiff was also indicted for possession of a controlled substance in penalty group 1 that equaled one gram or more but less than four grams in Cause No. 17,523.

After review of Plaintiff's amended complaint, the Court found Plaintiff's claims were inconsistent with the criminal charges pending against him. The Court explained, in *Heck v. Humphrey*, the Supreme Court held a section 1983 claim for damages that "necessarily impl[ies] the invalidity of his conviction or imprisonment" does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). However, in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), the Supreme Court held the *Heck* bar does not apply to a civil-rights claim that would impugn pending criminal proceedings, and common practice supports the stay of such a civil-rights claim pending resolution of the criminal case. Because Plaintiff's civil-rights claims were interrelated with his pending criminal proceedings, the Court determined a stay of this case was appropriate.

On May 5, 2026, Plaintiff was found guilty of possession of a controlled substance after a trial and was sentenced to two years in jail. He was awarded 1,262 days of jail credit. The Court presumes Plaintiff was released from jail. However, he has not notified the Court of a change of address. As Plaintiff's criminal case has been resolved, the Court lifts the stay in this case.

Defendants Walsh, Deschambault, Crisener, Jackson, and Green (Bastrop County Defendants) move for summary judgment. They assert Plaintiff was a distraught individual. According to Defendants, on the date of the incident in question, November 26, 2019, Plaintiff placed numerous 911 calls to Bastrop County Communications. Plaintiff was located and arrested. He was transported to the Bastrop County Jail. Defendants assert, while Plaintiff was being

processed, a baggie of methamphetamine was found in his front pocket.  As a result, Plaintiff was charged with possession of a controlled substance.

Defendants Reitmeyer, Smith, and Alvarado (City of Bastrop Defendants) also move for summary judgment.  They argue the City of Bastrop Officers had probable cause to arrest Plaintiff for making a false report.  In addition, they assert the arrest was approved by an independent intermediary.  They further deny that drugs were planted on Plaintiff at the jail.

<u>DISCUSSION AND ANALYSIS</u>

A. *Summary Judgment*

A party is entitled to summary judgment if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  A summary judgment movant must establish every essential element of their claim or affirmative defense.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party opposing summary judgment cannot rest on the mere allegations of their pleadings, but instead must identify specific evidence in the record and articulate how that evidence supports their claim.  *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) ("This burden will not be satisfied by some metaphysical

doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.") (internal quotations omitted).  When deciding whether to grant summary judgment, the court should view the evidence in the light most favorable to the party opposing the motion and indulge all reasonable inferences in favor of that party.  *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993).  However, summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

B. *Qualified Immunity*

"A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof."  *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016)).  "The plaintiff must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."  *Id.* at 654 (quoting *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008)).  The plaintiff "must offer more than 'mere allegations,'" but "'absolute proof'" is not necessary to raise a genuine issue of material fact.  *Id.* (quoting *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009)).  And because "the plaintiff is the non-moving party," courts still "construe all facts and inferences in the light most favorable to the plaintiff."  *Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017) (*en banc*).

C. *Heck* Bar

In *Heck v. Humphrey*, the Supreme Court held a section 1983 claim for damages that "necessarily impl[ies] the invalidity of his conviction or imprisonment" does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared

invalid by a tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). Plaintiff's claims regarding the alleged planting of drugs on him are barred by *Heck*. Plaintiff was convicted of possession of a controlled substance. Plaintiff's underlying proceedings have not terminated in his favor. Absent such a showing, a *Heck*-barred claim must be "dismissed with prejudice to [its] being asserted again until the Heck conditions are met." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).

D. *Independent-Intermediary Doctrine*

Under the independent intermediary doctrine, "if an independent intermediary, such as a justice of the peace [or magistrate], authorizes an arrest, then the initiating party cannot be liable for false arrest." *Shaw v. Villanueva*, 918 F.3d 414, 417 (5th Cir. 2019); *Hall v. Trochessett*, 105 F.4th 335, 342 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1173 (2025). This is because "the intermediary's decision breaks the chain of causation for false arrest." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017). The independent intermediary doctrine persists even when the officer acted maliciously, *Shaw*, 918 F.3d at 417, and when the arrestee was never convicted of a crime, *Buehler v. City of Austin*, 824 F.3d 548, 554 & n.5 (5th Cir. 2016).

The independent-intermediary doctrine, however, does not apply "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *McLin*, 866 F.3d at 689 (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009)). For this exception to the independent-intermediary doctrine to apply, the plaintiff must plead facts that support the inference that "the official's malicious motive led the official to withhold relevant

5

information or otherwise misdirect the independent intermediary by omission or commission." *Id.* at 689 (citing *Buehler*, 824 F.3d at 555).

Plaintiff fails to show the magistrate judge's probable cause finding was tainted. Contrary to Plaintiff's amended complaint, video and audio evidence supports the statements of the officers. Plaintiff fails to provide any summary judgment evidence that information was omitted or information was misstated.

It is therefore **ORDERED** that the stay is **LIFTED**.

It is further **ORDERED** that the Motion for Summary Judgment, filed by Defendants Walsh, Deschambault, Crisener, Jackson, and Green on October 8, 2021, is **GRANTED**.

It is further **ORDERED** that the Motion for Summary Judgment, filed by Defendants Reitmeyer, Smith, and Alvarado on October 11, 2021, is **GRANTED**.

It is finally **ORDERED** that Plaintiff's claims relating to his drug conviction are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck* conditions are met and Plaintiff's claims relating to his arrest for making a false report are **DISMISSED WITH PREJUDICE**.

SIGNED on May 18, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE